UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KIMMIE LANGLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 17-cv-4520-CAP-JSA |
| vs. | ) | |
| | ) | |
| ENHANCED RECOVERY | ) | |
| CO et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT AT&T SERVICES INC.'S[1] MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 8 AND RULE 12(b)(6)**

---

[1] "AT&T" is named in the Complaint, but AT&T is a brand name, not a legal entity. AT&T understands that its collection practices are at issue in the case, and thus answers as if the complaint were alleged against AT&T Services, Inc., the AT&T entity that contracts with various collection agencies. AT&T reserves the right to seek an amendment of the claim if a different AT&T entity should be at issue.

Plaintiff Kimmie Langley ("Langley") amended her Complaint to include AT&T Services, Inc. ("AT&T") as a Defendant. However, the Amended Complaint is a classic "shotgun" complaint, where it is impossible for AT&T to tell what it is alleged to have done, or even what counts are pled against it. For example, two of three counts in the case appear to seek relief solely from its co-defendant Enhanced Recovery Co. ("ERC"), while the third is a claim for attorney's fees, notwithstanding the fact that Langley pled no substantive count against AT&T that might entitle it to such fees. The allegations thus do not suffice to put AT&T on notice as to the claims against it, do not meet the *Twombly* standard, and must be dismissed.

## SUMMARY OF ALLEGATIONS

Langley alleges that she is the regular user of a cellular telephone number ending in '1063 as well as "potentially other numbers of Plaintiff."[2] Am. Comp. ¶ 15. The substantive allegations of the Amended Complaint almost entirely refer to the actions of an unnamed "Defendant." That term is not defined in the Amended Complaint, but context indicates that Langley intends for it to refer to ERC. For example, in ¶ 4, Langley alleges that "Defendant, Enhanced Recovery Corporation" robo-called her more than 250 times, *Id.* at ¶ 4, and the remaining allegations of the Amended Complaint purport to detail that robo-calling. The sole reference by name

---

[2] No indication is provided in the Amended Complaint as to why Langley cannot allege which one of her own numbers is at issue in this case.

to AT&T in the factual allegations of the Amended Complaint is in ¶ 17, which alleges that Defendant (again, presumably intending to refer to ERC) called Langley in an attempt to collect on an AT&T bill.

The Amended Complaint alleges that beginning on or about January 1, 2014, Langley received a call from "Defendant" seeking to recover a debt. *Id.* at ¶ 19. It further asserts that "immediately upon receipt of the calls" on January 1, 2014, Langley explained that she felt harassed and demanded that "Defendant" stop calling her cellular telephone number. *Id.* at ¶ 21. Langley claims that she subsequently received more than 200 calls from "Defendant" over some indeterminate time period. *Id.* at ¶ 30. Langley alleges that she had subsequent conversations with "Defendant" in which she demanded that calls stop, but those conversations were ignored. *Id.* at ¶¶ 36-37. Langley further claims that each call at issue was made using an automatic telephone dialing system and that many of the calls were made using a prerecorded voice. *Id.* at ¶¶ 31, 33, 34.

The Amended Complaint contains three counts. The first, arising under the federal Telephone Consumer Protection Act ("TCPA") alleges that ERC repeatedly placed calls to Langley's telephone number without her consent. *Id.* at ¶ 58. It seeks damages and an injunction against ERC, but does not appear to request any relief against AT&T. *Id.* at ¶¶ 59-60. Count II arises under the federal Fair Debt Collection Practices Act ("FDCPA"). Again, this count alleges that ERC violated the act by

placing calls to Langley's cellular telephone number without her consent, but does not seek relief from AT&T. Finally, Langley files suit for "bad faith attorneys fees." This count, unlike Counts I and II, is alleged against both Defendants. *Id.* at ¶ 67. It seeks a recovery of litigation expenses (including attorney's fees) pursuant to a Georgia state statute (O.C.G.A. § 13-6-11). The basis for that claim is that Defendants "have acted in bad faith, been stubbornly litigious or caused the Plaintiff unnecessary trouble and expense." *Id.* at ¶ 70. No facts are pled in support of this claim, nor does Langley explain how AT&T could have possibly acted in bad faith regarding conduct it does not appear to have been directly involved in.

## **STANDARD**

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). "A plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Thus, "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556).

To satisfy the pleading requirements of Rule 8, Langley must allege, *inter alia,* "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

## ARGUMENT

Langley's Amended Complaint should be dismissed for a number of reasons. *First*, Langley pled no counts against AT&T with the exception of a claim for attorney's fees that, in the absence of some underlying claim, is *prima facie* invalid. *Second,* Langley cannot save this deficiency by claiming she meant to include AT&T in her generic references to a "Defendant" because "shotgun pleadings" that allege multiple claims against multiple defendants without specifying which claim is alleged against each defendant are not acceptable forms of pleading in this circuit. But even beyond these preliminary defects, none of the claims are validly pled as to AT&T. The TCPA claim is time-barred by the statute of limitations, and, in any event, Langley pled no facts sufficient to allege that AT&T is vicariously liable for ERC's conduct. The FDCPA claim must also be dismissed because there are no facts alleged that AT&T is a debt collector and the law only applies to debt collectors. Finally, the claim for attorney's fees cannot stand on its own, because it is derivative of the two substantive claims that cannot apply to AT&T and, in any event, there are

5

no facts alleged that show AT&T engaged in *any* conduct, much less somehow acted in bad faith or was stubbornly litigious towards Langley.

### A. Counts I and II Should Be Dismissed Because They Are Not Pled Against AT&T.

Rule 8 requires that a plaintiff include in the complaint "a short and plain statement of the claim showing [he] is entitled to relief" as well as a "demand for the relief sought." Fed. R. Civ. P. 8(a)(2). This "short and plain statement" must be sufficient to "give the defendant fair notice of what the. . . claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555 (internal quotations omitted) (ellipses in original). Dismissal under Rule 8(a) "is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Breedlove–Williams v. Fulton Cty.-City of Atlanta Land Bank Auth. Inc.,* 2005 WL 8154418 at *1 (N.D. Ga. Nov. 4, 2005).

To the extent that Plaintiff intends to assert a claim against AT&T under the TCPA or FDCPA, the pleading makes that claim very "well disguised." To the contrary, Counts I and II do not appear on their face to have been pled against AT&T at all. Langley specifically alleges that ERC (not AT&T) placed the calls that underlie her Amended Complaint (Am. Comp. ¶¶ 58, 64) and seeks injunctive relief only against ERC. *Id.* at ¶ 60. Any TCPA or FDCPA claim against AT&T must therefore be dismissed because it fails to meet even the liberal standards required by

Rule 8 by failing to allege a cause of action against AT&T. *See Gibson v. U.S Bank Tr. N.A.,* 2017 WL 8186820 at * 2 (N.D. Ga. Nov. 30, 2017) ("A complaint should not consist of vague and conclusory allegations, but must clearly state a cause of action.").[3]

## B. Plaintiff's "Shotgun" Pleading Is Improper.

Langley may argue that her failure to name AT&T in Count I and Count II is permissible because she generically references a "Defendant" throughout the Amended Complaint, including in those counts. Thus, while one allegation refers to AT&T by name (Langley's assertion that "Defendant" was attempting to collect on an old AT&T bill (Am Comp. ¶ 17)), the bulk of the remaining paragraphs all refer to the conduct of "Defendant," a term which Langley does not define. While the logical reading of the Amended Complaint is that the reference to Defendant is to ERC, it could conceivably apply to ERC, AT&T or to both Defendants together.

This is a classic example of "shotgun pleading" which does not comply with Federal Rules 8 and 10. The Eleventh Circuit has defined "shotgun pleading" as follows:

> We have identified four rough types or categories of shotgun pleadings. The most common type—by a long shot— is a complaint containing multiple counts where each count adopts the allegations of all preceding counts,

---

[3] Because Langley has counsel, there is no reason to apply a less stringent standard to the pleading requirements for her Complaint.

7

> causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland v. Palm Beach Cty Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). "Courts in the Eleventh Circuit have little tolerance for shotgun pleading." *Vibe Micro v. Shabanets,* 878 F.3d 1291, 1295 (11th Cir. 2018). Thus, the simple fact that a complaint contains shotgun pleading is reason enough to dismiss it and send the plaintiff back to the drawing board to come up with a complaint that complies with the rules. *Yeyille v. Miami Dade Cty. Pub. Schs.*, 643 Fed. App'x 882, 885 (11th Cir. 2016) (upholding dismissal by lower court of complaint with prejudice on grounds that it constituted shotgun pleading).

If the Amended Complaint can somehow be read to contain *any* substantive allegations or causes of actions against AT&T, it would constitute a paradigmatic

example of shotgun pleading. Nearly every allegation is directed against "Defendant," not ERC or AT&T. AT&T has no way to tell from the Amended Complaint if it is being accused of placing calls directly or if Langley's theory is instead that it is vicariously liable for calls made by ERC. AT&T cannot answer a complaint with such vague allegations with any accuracy, much less proceed to discovery or trial. The Amended Complaint, therefore, must be dismissed until these deficiencies are corrected and Langley documents what she is accusing AT&T of doing.[4]

### C. Each Count Fails To State A Claim Upon Which Relief Can Be Granted.

Even if the Court somehow could ignore Langley's "shotgun pleading" and her failure to even allege a substantive count against AT&T, the Amended Complaint would still fail to state a claim on all three of its alleged counts. The first count (arising under the TCPA) fails to state a claim because Langley has not alleged AT&T is vicariously liable for ERC's actions and because the claims are barred by the TCPA's four-year statute of limitations. The second count (arising under the FDCPA) fails to state a claim because the FDCPA prohibitions apply only to the actions of debt collectors, and the Amended Complaint contains no allegations that AT&T is a debt collector. Moreover, that claim is also time-barred. *Finally,* the claim

---

[4] The Eleventh Circuit requires a district court to provide a litigant with at least one chance to remedy deficiencies caused by shotgun pleading. *Vibe Micro*, 878 F. 3d at 1295.

for attorney's fees cannot be sustained in the absence of a viable cause of action against AT&T.

### a. The TCPA Claim Fails To State A Claim Upon Which Relief Can Be Granted.

#### i. Langley Does Not Allege AT&T Is Vicariously Liable for ERC's Conduct.

The Amended Complaint alleges that ERC placed the telephone calls at issue, not AT&T itself. Am. Comp. ¶ 58. Thus, the only possible way AT&T could be liable for ERC's conduct is under a theory of vicarious liability. It is true that under the TCPA, a creditor may be held liable for calls made by a debt collector who acts "on behalf of that creditor." *In re Matter of Rules & Regulations Implementing the Tel. Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559 at ¶ 10. (2008). However, the question of whether a collection agency has acted "on behalf of" the creditor is a question of agency law. *Henderson v. U.S. Aid Funds, Inc.*, 2017 WL 766548, at *6-7 (S.D. Cal. Feb. 28, 2017). Thus, to state a claim against AT&T, Langley would need to allege that ERC acted as AT&T's agent when it placed the calls.

She has not done so. The only allegation that relates to the relationship between AT&T and ERC is that ERC attempted to collect on an old AT&T bill. Am. Comp. ¶ 17. But alleging an agency relationship requires showing more than that, since agency requires both "(1) consent to the agency by both principal and agent; and (2) the control of the agent by the principal." *Commodity Futures Trading*

*Comm'n v. Gibraltar Monetary Corp.*, 575 F.3d 1180, 1189 (11th Cir. 2009). No facts have been alleged to meet either of those requirements, and, thus, the Amended Complaint does not state a claim against AT&T for vicarious liability for the calls made by ERC.

Moreover, even if Langley did allege that ERC was AT&T's agent, she recently dismissed her claims against ERC with prejudice. Dkt. # 24. To the extent her claim against AT&T is based on vicarious liability for actions undertaken by ERC as its agent, that claim is now blocked by *res judicata. Citibank N.A. v. Data Lease Fin. Corp.,* 904 F. 2d 1498, 1501-04 (11th Cir. 1990).

    ii.  **The TCPA Claim Is Time-Barred.**

"A statute of limitations defense may be raised on a motion to dismiss for failure to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6) when the complaint shows on its face that the limitations period has run." *AVCO Corp v. Precision Air Part, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982). "The TCPA has a four-year statute of limitations that begins when the cause of action accrues." *Solis v. Citi-Mortgage,* 700 Fed. App'x 965, 970 (11th Cir. 2017). Plaintiff complains of calls and other conduct from January 2014. Am. Comp. ¶¶ 19-21. But Plaintiff did not amend her original Complaint and add AT&T until May of 2018. Dkt. No. 11. Since more than four years passed between the filing of the

Amended Complaint and the conduct complained of, the statute of limitations forecloses the claim as to AT&T.[5]

Langley may argue that her claim relates back to the original Complaint, filed in November 2017, but that argument should be rejected as a matter of law. "An amended complaint that adds a party or changes the name of a party relates back when: (1) the amendment arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; and (2) within the 120–day period[6] for service provided by Rule (4)(m), the new party received such notice of the action that it will not be prejudiced in defending on the merits and knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." *Lindley v. Birmingham, City of Alabama,* 652 Fed. App'x 801, 803-04 (11th Cir. 2016). AT&T concedes that the amendment arises out of the same transaction or occurrence as the original Complaint. But the Amended Complaint contains no allegations that indicate AT&T received notice of the action within the time period set forth by Rule 4 or that AT&T knew that the original Complaint would have been brought against it but for a

---

[5] The Complaint does contain the vague allegations that "each call . . . made . . . in the last four years was made using an ATDS." Am. Comp. ¶ 31. But the Complaint contains no allegations as to when any calls may have occurred, other than January 2014, and such conclusory allegations do not comply with *Twombly*, 550 U.S. at 555.

[6] Rule 4 has since been amended to allow only 90 days for service. Fed. R. Civ. P. 4(m).

mistake concerning the proper party's identity.[7] In the absence of such facts, the Complaint is time-barred.

### b. The FDCPA Claim Fails To State a Claim Upon Which Relief Can Be Granted.

#### i. The FDCPA Cannot Apply To AT&T Because It Is Not a Debt Collector.

It is difficult to ascertain why Langley claims she is entitled to recovery under the FDCPA, because her Amended Complaint does not set forth the specific provision of that law she believes was violated. That alone suffices to dismiss her claim. In any event, both Section 1692(e) (which addresses false or misleading representations in collecting debts) and Section 1692(f) (which addresses unfair debt collection practices) apply only to debt collectors. *See* 15 U.S.C. 1692(e) ("A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt"); 15 U.S.C. 1692(f) ("A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt); *see also Reese v. Ellis, Painter, Ratterree & Adams*, *LLP,* 678 F.3d 1211, 1218 (11th Cir. 2012) ("to state a plausible FDCPA claim under § 1692e, a plaintiff must allege, among other things, (1) that the defendant is a 'debt collector'; and (2) that the challenged conduct is related to debt collection."). A debt collector is defined in

---

[7] It is difficult to see what that mistake could be, as the original complaint, like the current complaint, alleges that ERC was attempting to collect an AT&T bill. Dkt. No. 1 at ¶ 16.

the FDCPA as: "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Excluded from the definition, however, is "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was originated by such person." *Id.* at § 1692(a)(6)(F)(2). There are no allegations in the Amended Complaint that the principal purpose of AT&T's business is to collect debts, thus removing it from the ambit of the statute. Moreover, the Complaint alleges that the debt collection attempts were made on Langley's own AT&T account (Am. Comp. ¶ 17) and thus it would be exempted from the FDCPA.

Moreover, the FDCPA contains a one-year statute of limitations. 15 U.S.C. 1692(k)(d) ("An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs."). For all the reasons set forth *supra,* the FDCPA claim is thus time-barred as well.

    c. **Langley Does Not State a Claim For Which Relief Can Be Granted Under O.C.G.A. Section 13-6-11.**

As an initial matter, O.C.G.A. Section 13-6-11 does not provide a right to recover for litigation expenses when the party seeking recovery does not have a separate substantive claim. *Ellis v. Gallof,* 46 S. E2d 288, 289 (1996) ("Although OCGA § 13-6-11, by its terms, is not limited to prevailing parties, the correct principle is that plaintiffs must prevail on their basic cause of action in order to obtain litigation expenses [under OCGA § 13-6-11]"); *Lamb v. Salvage Disposal Co. of Ga.*, 535 S.E.2d 258, 261 (2000) ("OCGA § 13-6-11 does not create an independent cause of action but merely permits in certain limited circumstances the recovery of the expenses of litigation incurred as an additional element of damages."). Here, as described above, neither of the two counts in the case are even alleged against AT&T and, even if they had been pled against AT&T, both counts would be fatally flawed. That alone is reason to dismiss the claim under Section 13-6-11.

Moreover, the allegations in the Amended Complaint regarding this count are wholly conclusory. Plaintiff alleges that the Defendants "have acted in bad faith, been stubbornly litigious, or cause the Plaintiff unnecessary trouble and expense," (Am. Comp. ¶ 70), but provides no details that might explain *how* AT&T acted in any of these ways.[8] In fact, Langley does not even allege that she had any sort of interaction with AT&T itself prior to filing this Amended Complaint. This is exactly

---

[8] As described *supra*, Plaintiff cannot save this claim by pointing to the shotgun allegations that are raised generically against an undefined "Defendant."

15

the sort of "formulaic recitation of the elements of a cause of action" that *Twombly* expressly found "will not do." 550 U.S. at 555.

### D. The Discovery Deadlines Should Be Reset

Prior to service on AT&T in this case, the Court entered a scheduling order that requires discovery to close on August 6, 2018 and a pretrial order to be filed within 40 days of the end of discovery. AT&T had no involvement in the entry of that order. A discovery deadline that closes 3 days after AT&T's appearance was due in the case obviously prejudices AT&T (who is the only defendant left in the case), especially given its pending motion to dismiss and the deficiencies in the complaint filed against it described above. AT&T thus respectfully requests that all deadlines (including the discovery deadline and the deadline for submitting a pretrial order) be continued pending resolution of this dispositive motion.

## CONCLUSION

Counts I, II, and III should be dismissed as to AT&T pursuant to Rule 8 and Rule 12(b)(6). Furthermore, the deadlines contained in Docket No. 17 should be entered and continued pending resolution of this dispositive motion.

RESPECTFULLY SUBMITTED this 3rd day of August, 2018.

/s/ Matthew D. Justus
Matthew D. Justus

        Georgia Bar No. 354555

        675 W. Peachtree St. NW, Suite 4300
        Atlanta, GA 30308
        Telephone: (404) 927-2903
        Facsimile: (404) 927-6041
        matthew.justus@att.com

        *Attorney for Defendant AT&T*
        *Services, Inc.*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KIMMIE LANGLEY,           )<br>                                             )<br>       Plaintiff,              )<br>                                             )      Case No. 17-cv-4520-CAP-JSA<br>vs.                                      )<br>                                             )<br>ENHANCED RECOVERY  )<br>CO et al.,                           )<br>                                             )<br>       Defendants.         )  | |

**CERTIFICATE OF SERVICE AND TYPE SIZE COMPLIANCE**

I hereby certify that on this date I electronically filed *Defendant AT&T Services, Inc.'s Memorandum in Support of Its Motion to Dismiss Pursuant to Rule 8 and Rule 12(b)(6)* with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to attorneys of record.

Pursuant to Local Rule 5.1, N.D. Ga., said pleading is prepared in Times New Roman, 14 point.

This 3rd day of August, 2018.

                                                            Respectfully submitted,

                                                            /s/ Matthew D. Justus_____
                                                            Matthew D. Justus
                                                            Georgia Bar No. 354555
                                                            675 W. Peachtree St. NW, Suite 4300

        Atlanta, GA 30308
        Telephone: (404) 927-2903
        Facsimile: (404) 927-6041
        matthew.justus@att.com

        *Attorney for Defendant AT&T Services, Inc.*