IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KIMMIE LANGLEY, | : | CIVIL ACTION NO. |
| | : | 1:17-CV-4520-CAP-JSA |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| AT&T and DOES 1-10 INCLUSIVE, | : | **FINAL REPORT AND** |
| | : | **RECOMMENDATION ON A** |
| Defendants. | : | <u>**MOTION TO DISMISS**</u> |

Plaintiff Kimmie Langley filed the above-captioned action on November 9, 2017, against Defendants Enhanced Recovery Corporation and "Does 1-10 inclusive." *See* Comp. [1]. On May 8, 2018, Plaintiff filed an Amended Complaint [15] adding "AT&T" as a Defendant in addition to Enhanced Recovery Corporation and "Does 1-10 inclusive." *See* Am. Comp. [15]. In the Amended Complaint, Plaintiff claims that "Defendant" violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. *See id.* at ¶¶ 56-58, 62-64.

On August 1, 2018, Plaintiff and Defendant Enhanced Recovery Corporation filed a "Joint Stipulation of Dismissal" dismissing all claims against Enhanced Recovery Corporation. *See* Joint Stipulation [24]. Thereafter, on August 3, 2018,

Defendant AT&T Services, Inc.[1] filed a "Motion to Dismiss Pursuant to Rule 8 and Rule 12(b)(6) and to Continue the Scheduling Order" [26] ("Motion to Dismiss") in which it requests that all claims asserted against it in the Amended Complaint be dismissed under Rule 8 and Rule 12(b)(6) on the ground that the Amended Complaint is a classic "shotgun" pleading. As of this date, Plaintiff has failed to file any response to the Motion to Dismiss, indicating that she does not oppose it. *See* LR 7.1B, NDGa ("Failure to file a response shall indicate that there is no opposition to the motion."). Accordingly, the Motion to Dismiss remains unopposed.

Nevertheless, after AT&T Services, Inc. filed the Motion to Dismiss, the parties filed a "Stipulation Regarding a Stay Pending Arbitration" [27] on August 24, 2018. While the Stipulation is not styled as a motion, the parties state therein that they "jointly move the Court" and state that the parties "have agreed that the claims against AT&T are subject to mandatory arbitration by the American Arbitration Association ('AAA') as provided for in the customer service agreement between AT&T and Langley." Stipulation at 1-2. The parties state that they "have further stipulated that the claims in this matter against AT&T shall be stayed pursuant to 9 U.S.C. § 3 while any such claims are pursued in arbitration." *Id.* at 2.

---

[1] AT&T Services, Inc. states in its Motion to Dismiss that "AT&T is a brand name, not a legal entity," and it "answers as if the complaint were alleged against AT&T Services, Inc., the AT&T entity that contracts with various collection agencies." Mot. to Dismiss [26] at 1 n.1.

Finally, the parties state that they "respectfully request than an order be entered staying this case while any claims against AT&T are pursued in arbitration." *Id.* Thus, although the parties failed to style the Stipulation as a motion, because they are requesting specific relief from the Court, the undersigned interprets the Stipulation as a "Joint Motion to Stay" and **RECOMMENDS** that the parties' Joint Motion to Stay [27] be **GRANTED** and that this action be **STAYED** pending arbitration of the Plaintiff's claims against AT&T.

In the Joint Motion to Stay, AT&T does not reference its pending Motion to Dismiss [26] nor does it indicate that it withdraws that motion. Nevertheless, because the parties have informed the Court that this action is subject to binding arbitration and should be stayed, it follows that the Court lacks subject matter jurisdiction to consider Defendant's Motion to Dismiss. Accordingly, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss [26] be **DENIED** without prejudice. As this is a Final Report and Recommendation and there is no further action anticipated before this Court, the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

**IT IS SO RECOMMENDED** this 28th day of August, 2018.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

3